**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

<table>
<tr><td>

IN THE MATTER OF THE SEARCH OF
INFORMATION ASSOCIATED WITH
GOOGLE ACCOUNTS, COOKIEIDS,
AND IP ADDRESSES THAT
CONDUCTED GOOGLE SEARCHES
THAT ARE STORED AT PREMISES
CONTROLLED BY GOOGLE LLC
PURSUANT TO 18 U.S.C. § 2703 FOR
INVESTIGATION OF 18 U.S.C. § 2332a
AND 26 U.S.C. § 5861(d)

</td><td>

**Case No. 23-mc-67 \*SEALED\***

<u>**FILED UNDER SEAL**</u>

</td></tr>
</table>

## <u>JOINT RESPONSE TO ORDER TO SHOW CAUSE</u>

The parties to this matter, the United States of America and Google LLC (Google), respectfully submit this joint response to the Court's January 30, 2026, order to show cause as to why this case and the various filings and docket entries should remain sealed. In response, the parties state the following:

1.    This sealed matter concerns Google's July 7, 2023, motion to quash a search warrant issued on April 19, 2023 (Case No. 21-sc-542) in connection with the government's investigation of the planting of two pipe bombs near the headquarters of the Republican and Democratic National Committees on January 5, 2021. The challenged warrant identified 537 search queries, which were among those seized pursuant to a February 16, 2021, search warrant— a so-called keyword search warrant—issued in the same case, and directed Google to produce identifying subscriber and device information about the users who had submitted those queries.

2.    Prior to April 2023, the government had obtained similar "supplemental" search warrants under Case No. 21-sc-542—one in March 2021 and another in October 2022 —directing Google to disclose identifying information about users who had submitted certain search queries previously seized by the government pursuant to the February 2021 keyword search warrant. As



RECEIVED

FEB 27 2026

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

part of its investigation, the government also obtained and executed two "geofence" search warrants requiring Google to produce location history and account information on January 11, 2021 (Case No. 21-sc-58) and February 10, 2021 (Case No. 21-sc-477).

3.     The aforementioned search warrants in Case Nos. 21-sc-58, 21-sc-477, and 21-sc-542 were each issued under seal to sealed dockets.  The warrants and all records in those cases remain sealed.

4.     On November 25, 2024, after Google's motion to quash was fully briefed, Magistrate Judge Sharbaugh issued a sealed 12-page order largely denying the motion.  Google sought review of the order by Chief Judge Boasberg on December 23, 2024.  On February 25, 2025, following another round of briefing, Chief Judge Boasberg issued a sealed 19-page opinion and separate order affirming Judge Sharbaugh's denial of Google's motion to quash.  Shortly thereafter, the Court published an unsealed, redacted version of Chief Judge Boasberg's February 25 opinion and order.  The unsealed opinion is available to the public on the Court's website.

5.     On December 4, 2025, Brian J. Cole Jr. was arrested and charged with planting the two pipe bombs on January 5, 2021.  *See* Criminal Case No. 26-cr-0001 (AHA).  Cole has since been indicted, and his criminal case is pending before Judge Amir H. Ali.

6.     On January 30, 2026, this Court issued a minute order directing the parties to this matter to show cause as to why this case and the various filings and docket entries should remain sealed.  In response to the Court's order, the parties conferred to discuss their respective positions on the contemplated unsealing.

7.     The government believes that references in this matter to materials sealed in other cases should remain sealed in this case.  Google is not a party to and has limited insight and

knowledge about those related sealed cases. As a result, Google takes no position on the government's request to keep under seal records from other cases.

8. The parties' written submissions in this matter freely discuss, and attach as exhibits, the sealed search warrants discussed above. The two sealed orders denying Google's motion to quash likewise discuss the warrants and their terms, as do various correspondences attached to the pleadings. And multiple exhibits submitted by Google, and discussed in its pleadings, reflect de-identified search query data produced in response to the initial keyword warrants. Given that these warrants remain sealed and relate to a pending criminal matter, the parties jointly submit that the warrants, their terms, and material responsive to them should not be made public in this matter. Otherwise, the parties do not oppose unsealing this case and its filings and docket entries.

9. The parties intend to coordinate in good faith to prepare stipulated proposed redactions consistent with the above. The parties respectfully request an additional 60 days to confer further on this matter and to prepare and submit for the Court's review proposed redactions.

Date: February 27, 2026

Respectfully Submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By:     */s/ Charles R. Jones*
        Charles R. Jones
        D.C. Bar No. 1035541
        Assistant United States Attorney
        National Security Section
        601 D Street NW
        Washington, D.C.  20530
        202-252-6976
        Charles.jones3@usdoj.gov

        *Counsel for the United States*

3

PERKINS COIE LLP

By: */s/ Hayley L. Berlin*
    Hayley L. Berlin (D.C. Bar No. 1011549)
    HBerlin@perkinscoie.com
    Telephone: 206-359-8000
    PERKINS COIE LLP
    1301 Second Avenue
    Suite 4200
    Seattle, WA 98101-3804
    *Counsel for Google LLC*