UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH GOOGLE ACCOUNTS, COOKIEIDS, AND IP ADDRESSES THAT CONDUCTED GOOGLE SEARCHES THAT ARE STORED AT PREMISES CONTROLLED BY GOOGLE LLC PURSUANT TO 18 U.S.C. § 2703 FOR INVESTIGATION OF 18 U.S.C. § 2332a AND 26 U.S.C. § 5861(d) | Case No. 23-mc-67 *SEALED* MJS<br><br>**FILED UNDER SEAL** |

**JOINT RESPONSE TO COURT ORDER TO SHOW CAUSE**

The parties to this matter, the United States of America and Google LLC, respectfully submit this joint status report in response to the Court's January 30, 2026, order to show cause as to why this case and the various filings and docket entries should remain sealed.

### I.    Statement of the Parties Regarding Unsealing

1.    The parties do not object to unsealing in their entirety the following case documents[1]:

| ECF Document Number[2] | Exhibit | Date | Description |
|---|---|---|---|
| 1 | | July 7, 2023 | Google LLC's Motion to Quash Search Warrant and Statement of Points and Authorities in Support |
| | A | | Declaration of Nikki Adeli |

---

[1] The table contains placeholder entries shaded dark gray for documents the parties object to unsealing in their entirety. The parties address those documents beginning on page 5, *infra*.

[2] The parties do not have access to the electronic docket and did not receive from the Court file-stamped copies of the filings submitted in this case. As a result, the ECF Document Numbers listed here reflect the parties' best efforts at estimating the docket entries based on the parties' records.

RECEIVED

MAY 1 2 2026

Clerk, U.S. District & Bankruptcy Courts for the District of Columbia

1

| ECF Document Number[2] | Exhibit | Date | Description |
|---|---|---|---|
| | B | | Jan. 11, 2021, Geofence Warrant Ref. # 5233066, filed July 7, 2023 |
| | C | | Feb. 10, 2021, Geofence Warrant Ref. # 5352144 |
| | D | | Feb. 16, 2021, Keyword Warrant Ref. # 5378443 |
| | | | |
| | | | |
| | G | | Step 2 Warrant Ref. # 25068018 |
| | | | |
| | I | | April 19, 2023, Keyword Warrant Ref. # 33903075 |
| 2 | | July 7, 2023 | Motion for Admission of Attorney Pro Hac Vice for Todd M. Hinnen |
| | | | Declaration of Todd M. Hinnen in Support of Motion to Admit Counsel Pro Hac Vice |
| | | | [Proposed] Order Granting Motion for Admission of Attorney Todd M. Hinnen Pro Hac Vice |
| 3 | | July 7, 2023 | Motion for Admission of Attorney Pro Hac Vice for Delaney Butler |
| | | | Declaration of Delaney Butler in Support of Motion to Admit Counsel Pro Hac Vice |

| ECF Document Number[2] | Exhibit | Date | Description |
|---|---|---|---|
| | | | [Proposed] Order Granting Motion for Admission of Attorney Delaney Butler Pro Hac Vice |
| 4 | | July 7, 2023 | Stipulated Motion for Briefing Schedule |
| | | | [Proposed] Order Granting Stipulated Briefing Schedule |
| 5 | | Aug. 1, 2023 | Notice of Appearance of Stuart D. Allen |
| 6 | | Aug. 15, 2023 | Notice of Appearance of Jathan Judish |
| 7 | | Aug. 15, 2023 | Notice of Appearance of Taryn Meeks |
| 8 | | Aug. 16, 2023 | Opposition of the United States to Google LLC's Motion to Quash Search Warrant |
| | | | |
| | B | | July 13, 2023, Email from Assistant U.S. Attorney to Google Counsel regarding Google's Motion to Quash |
| | C | | July 22, 2023, Email from Google Counsel to Assistant U.S. Attorney regarding Google's Motion to Quash |
| 9 | | Sept. 8, 2023 | Google LLC's Reply in Support of Motion to Quash |
| 10 | | Nov. 25, 2024 | Memorandum Opinion and Order |
| 11 | | Nov. 27, 2024 | Google LLC's Unopposed Motion to Extend Briefing Schedule for Request for Review |

| ECF Document Number[2] | Exhibit | Date | Description |
|---|---|---|---|
| 12 | | Dec. 3, 2024 | Order |
| 13 | | Dec. 23, 2024 | Google LLC's Request for Review of Magistrate Judge's Opinion and Order Denying Motion to Quash Search Warrant |
| | 1 | | Google's Motion to Quash Search Warrant, *In the Matter of the Search of Information Maintained by Google, Inc. Associated with the Execution of Specific Search Terms*, Case No. 3:20-mj-1296-JRK (M.D. Fla.). |
| | 2 | | In Camera Order, *In the Matter of the Search of Information Maintained by Google, Inc. Associated with the Execution of Specific Search Terms*, Case No. 3:20-mj-1296-JRK (M.D. Fla. June 25, 2021) |
| | 3 | | Google's Motion to Quash Search Warrant, *In the matter of the search of information that is stored at premises controlled by Google, 1600 Amphitheatre Parkway, Mountainview, California 94043*, Case No. 22-MR-1161 (D.N.M.) |
| | 4 | | Order Quashing Search Warrant as Moot, *In the matter of the search of information that is stored at premises controlled by Google, 1600 Amphitheatre Parkway, Mountainview, California 94043*, Case No.22-MR-1161-JFR (D.N.M. August 11, 2022) |
| | | | [Proposed] Order Granting Google LLC's Request for Review of Magistrate Judge's Opinion and Order Denying Motion to Quash Search Warrant |

4

| ECF Document Number[2] | Exhibit | Date | Description |
|---|---|---|---|
| 14 | | Jan. 21, 2025 | Notice of Substitution of Counsel of Dmitriy Slaving for Taryn Meeks |
| 15 | | Jan. 24, 2025 | Opposition of the United States to Google LLC's Request for Review of Magistrate Judge's Opinion and Order Denying Motion to Quash Search Warrant, filed January 24, 2025 |
| 16 | | Jan. 31, 2025 | Google LLC's Reply in Support of Request for Review of Magistrate Judge's Opinion and Order Denying Motion to Quash Search Warrant |
| | | | |
| | | Feb. 6, 2025 | Minute Order |
| 17 | | Feb. 6, 2025 | Notice of the United States |
| 18 | | Feb. 25, 2025 | Order |
| 19 | | Feb. 25, 2025 | Memorandum Opinion Denying Request for Review |

2.    The parties object to full unsealing and propose redactions to the following documents: Exhibits E, F, and H to Google LLC's Motion to Quash dated July 7, 2023 (ECF No. 1); Exhibit A to the Opposition of the United States to Google LLC's Motion to Quash dated Aug. 16, 2023 (ECF No. 8); and Exhibit 1 to Google LLC's Reply in Support of Request for Review dated Jan. 31, 2025 (ECF No. 16). The parties' proposed redactions to each document are reflected in Exhibits A through E to the present joint status report.

## II.   Legal Standard

Although there is a "strong presumption in favor of public access to judicial proceedings," a district court has discretion to maintain documents under seal where it determines that other factors "act to overcome this presumption." *Hardaway v. D.C. Hous. Auth.*, 843 F.3d 973, 980 (D.C. Cir. 2016). The district court's discretion in determining whether to seal documents is "exercised in light of the relevant facts and circumstances of the particular case." *United States v. Harris*, 204 F. Supp. 3d 10, 16 (D.D.C. 2016). In *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980), the D.C. Circuit set forth six factors that district courts must consider:

1) the need for public access to the documents at issue;

2) the extent of previous public access to the documents;

3) the fact that someone has objected to disclosure, and the identity of that person;

4) the strength of any property and privacy interests asserted;

5) the possibility of prejudice to those opposing disclosure; and

6) the purposes for which the documents were introduced during the judicial proceedings.

*Hubbard*, 650 F.2d at 317–321; *see also EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996). Sealing may be accomplished through limited redactions, as "it is proper for a district court, after weighing competing interests, to edit and redact a judicial document in order to allow access to appropriate portions of the document." *United States v. Amodeo*, 44 F.3d 141, 147 (2d Cir. 1995). For example, courts have granted requests to redact personally identifiable information ("PII") after weighing the *Hubbard* factors. *See United States v. Lichtenstein*, 769 F. Supp. 3d 32, 36 (D.D.C. 2025).

6

### III.    Argument

#### A. Search Warrant Production Materials

1.    The parties object to unsealing and propose redactions to Exhibits E and F (in their entirety) and Exhibit H (pages 19–62) to Google LLC's Motion to Quash, as well as Exhibit A (pages 19–62) to the Government's Opposition to Google's Motion to Quash, which is identical to Exhibit H. These records originate from the government's investigation file and reflect Google's productions in response to a search warrant that predated the search warrant that was the subject of this case. Collectively, the productions reflected in the three exhibits comprise thousands of private search queries submitted by individuals with no identified relationship to the criminal offenses that formed the basis for the search warrant at issue. The parties have identified numerous search queries that contain personally identifiable information about such individuals. This information includes: names, street addresses, email addresses, phone numbers, and birth dates. *See, e.g.*, Mot. to Quash, Ex. E at 120 (full names, email address, physical address, month and date of birth); *id.* at 148 (full names, email addresses, physical addresses, telephone numbers); Ex. F at 5 (first name and partial physical address); *id.* at 57 (physical address); *passim* (physical address fragments). *Hubbard* supports sealing the production results reflected in Exhibits E, F, H, and A in their entirety.

The first and sixth *Hubbard* factors support redaction. There is "no need for public access" to the information in these exhibits, as the Court did not reference them in its opinions, *see* Mem. Op. and Order, ECF No. 10, and Mem. Op. Denying Request for Review, ECF No. 19, and they bear little relevance to the central issues of this case. *See, e.g.*, *Harris*, 204 F. Supp. 3d at 17 ("The more relevant a pleading is to the central claims of the litigation, the stronger the presumption of unsealing the pleading becomes."). The search queries central to the present litigation are reflected in the government's search warrant, which the parties do not oppose unsealing in this case. By

contrast, the records in Exhibits E, F, H, and A relate to earlier search warrant productions and do not bear on the central issues presented in the litigation. *See, e.g., United States v. Trump*, No. 23-cr-257, 2024 WL 4367035, at *1 (D.D.C. Oct. 2, 2024) (finding "relatively little need for public access to identifying information" where "it does not bear on the substantive issue the Motion addresses"). Moreover, the proposed redactions impact the search warrant production records only, leaving public information in the parties' briefing concerning the fundamental nature of the exhibits as well as their relevance as background to the core legal issues presented in the case. *True the Vote, Inc. v. Internal Revenue Serv.*, No. 13-cv-734, 2024 WL 2803332, at *6 (D.D.C. May 31, 2024) ("When weighing the first *Hubbard* factor, '[c]ourts must focus on the public value of the withheld information, not the public's interest in the overarching subject matter to which that information may relate.'" (quoting *In re Chodiev*, No. 1:18-MC-13-EGS-RMM, 2021 WL 1795423, at *4 (D.D.C. Mar. 23, 2021), *report and recommendation adopted*, No. CV 18-MC-13(EGS), 2021 WL 6805642 (D.D.C. May 7, 2021)).

The second *Hubbard* factor supports redaction because there has been no previous public access to the materials in Exhibits E, F, H, and A. The exhibits reflect search warrant production files maintained by the government in association with its investigation into the DNC and RNC pipe bombs. The government limits access to these and other investigative file records to government agents and employees for necessary investigative or prosecutorial purposes; the only exception to this is the provision of the records to defense counsel in a related criminal case under the terms of a protective order restricting public disclosure. Similarly, the personal search query information reflected in the exhibits has been maintained as private and not disclosed to the public by Google. Under these circumstances, *Hubbard* does not favor public disclosure in a judicial record "as an original matter." *Hubbard*, 650 F.2d at 318.

8

As for the third *Hubbard* factor, both the government and Google object to unsealing the search warrant results and thereby exposing to the public personal information about third parties with no relationship to the present litigation. *United States v. Thomas*, 840 F. Supp. 2d 1, 4 (D.D.C. 2011) (a party's objection "weigh[s] in favor of denial of public access"). Although an objection from a third party will, in some circumstances, carry more weight than an objection from a party, *see, e.g., True the Vote, Inc.*, 2024 WL 2803332, at *8, that principle has little application here, where the third party "is in no position to object" because they are unaware of the dispute over disclosure, *In re Application of Leopold*, No. 13-mc-712, 2020 WL 7481037, at *4 (D.D.C. Dec. 17, 2020). For these reasons, the third *Hubbard* factor supports redaction.

The fourth and fifth *Hubbard* factors require courts to look at the strength of the property and privacy interests involved, and to take into account the possibility of prejudice to those interests. *Upshaw v. United States*, 754 F. Supp. 2d 24, 29 (D.D.C. 2010). Where the privacy rights of third parties are at issue, *Hubbard* "provid[es] broader protection from disclosure." *In re Application for Access to Video Exhibits*, 575 F. Supp. 3d 101, 110 (D.D.C. 2021) (quoting *United States v. Jackson*, No. 21-mj-115, 2021 WL 1026127, at *7 (D.D.C. Mar. 17, 2021)). Here, the strength of the privacy and security interests of third parties whose personal identifying information was seized by the government in association with a high-profile criminal investigation, and the possibility of prejudice to them, are substantial. "The mere association with alleged criminal activity as the subject ... of a criminal investigation carries a stigma that implicates an individual's reputational interest." *In re Press Application for Access to Jud. Rec. in Case No. 23-SC-31*, 704 F. Supp. 3d 161, 171 (D.D.C. 2023). It is "well recognized" that "third parties who may be mentioned in investigatory files" have "an obvious privacy interest" in avoiding public disclosure of the investigative information. *In re New York Times Co.*, No. MC 21-91 (JEB), 2021 WL 5769444, at *5 (D.D.C. Dec. 6, 2021) (internal quotation marks omitted). This concern is

9

"particularly weighty" where the individual's appearance in a criminal investigation is merely incidental and does not result in charges, as the individual is not "provided a forum in which to refute" any suggestion of wrongdoing. *See In re Press Application for Access to Judicial Records in Case No. 23-SC-31*, 704 F. Supp. 3d at 171; *see also In re Search Warrant Dated Nov. 5, 2021, No. 21 MISC. 813 (AT) (SLC)*, 2021 WL 5830728, at *7 (S.D.N.Y. Dec. 7, 2021) (collecting cases and noting that "[t]here is a recognized interest in protecting third parties from the unfairness of being stigmatized from sensationalized and potentially out-of-context insinuations of wrongdoing, combined with the inability of these third parties to clear their names at trial"). "On top of all that, the media spotlight trained on the instant investigation heightens the reputational concerns here." *In re Press Application for Access to Judicial Records in Case No. 23-SC-31*, 704 F. Supp. 3d at 171.

Each of these factors, but most especially the substantial possibility of prejudice to third parties, likewise supports redacting the search warrant production materials in their entirety, as the parties have proposed. The scope and volume of information in Exhibits E, F, H, and A is substantial, encompassing over 2,700 search queries from approximately 1,300 different users. Line-by-line redactions are impractical and could result in the accidental disclosure of an individual's personally identifying information or information sufficient to allow others to ascertain an individual's identity. *See, e.g., Tobar v. Federal Defenders of the Middle District of Georgia, Inc.*, No. CV 512-416, 2014 WL 12650710, at *2 (M.D. Ga. Feb. 24, 2014) ("Due to the large quantity of highly sensitive information in this exhibit and the impracticality of redaction, there is good cause to restrict access to this exhibit in its entirety.").

2.    Pages 14 through 18 of Exhibit H to Google's Motion to Quash (and pages 14 through 18 of identical Exhibit A to the Government's Opposition to Google's Motion to Quash) reflect a production letter and certificate of authenticity that Google provided to the government

10

in association with its response to a search warrant that predated the search warrant at issue in this case. The parties object to unsealing and propose redacting from pages 15, 16, and 17 of both exhibits the name of the Google employee who signed those documents.

Each of the *Hubbard* factors supports redaction. The employee's identity bears no relevance whatsoever to the claims in this case, meaning there is no need for public access (factors one and six). *See, e.g., Harris*, 204 F. Supp. 3d at 17. There has been no public disclosure of this document or the individual's name in association with the present case or the government's investigation (factor two). The privacy interests and possibility of prejudice to the individual are considerable because the individual's name appears in the government's investigation file concerning a high-profile crime (factors four and five). *See, e.g., In re New York Times Co.*, 2021 WL 5769444, at *5. Finally, the parties object to unsealing and the third party "is in no position to object" because they are unaware of the dispute over disclosure (factor 3). *In re Application of Leopold*, 2020 WL 7481037 at *4.

### B.  Information Identifying Court Personnel

Finally, the parties propose redacting the names and email addresses of court personnel from Exhibit 1 to Google's Reply in Support of Request for Review. Upon information and belief, their names and email addresses are not available on the Court's website and are not otherwise publicly available. Their identities have no relevance to the substantive issues presented in this case. And the possibility of harassment or abuse, whether related to this case or their association with the Court more generally, is sufficient to be cognizable under the circumstances. Recognizing that the Court is best positioned to balance the equities concerning its own personnel, the parties respectfully submit that *Hubbard* also supports redaction of this category of information.[3]

---

[3] The Court's May 4, 2026, minute order in this case noted that the same extension of time would be granted in the related case, 21-sc-0542. Google LLC is not a party to that matter. Prior to the

11

## IV.    Conclusion

For these reasons, the parties respectfully request that the Court sustain the parties' objections to unsealing and enter the proposed redactions reflected in the enclosed Exhibits A through E.

Date: May 12, 2026         Respectfully Submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By:      _____
Charles R. Jones
D.C. Bar No. 1035541
Assistant United States Attorney
National Security Section
601 D Street NW
Washington, D.C.  20530
202-252-6976
Charles.jones3@usdoj.gov

*Counsel for the United States*


PERKINS COIE LLP

By: /s/ Hayley L. Berlin_____
Hayley L. Berlin (D.C. Bar No. 1011549)
HBerlin@perkinscoie.com
Telephone: 206-359-8000
PERKINS COIE LLP
1301 Second Avenue
Suite 4200
Seattle, WA 98101-3804
*Counsel for Google LLC*

---

May 4 minute order in this case, undersigned government counsel, who is not counsel of record in 21-sc-0542, was not aware that the Court had issued any orders in the related case. Undersigned government counsel will enter a notice of appearance in that case and obtain and review the Court's orders.  As 21-sc-0542 concerns various search warrant packages, including affidavits, the government will follow its procedures pursuant to *In re Leopold* and Standing Order 22-05 (BAH), which apply upon the closing of a criminal investigation.